IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CRISTINA CRUZ GROST, M.D. | § <br> § |
| Plaintiff, | § <br> § |
| v. | §    EP-12-CV-0114-KC <br> § |
| ARTIN TERHAKOPIAN, et al. | § <br> § |
| Defendants. | § <br> § |

### ORDER

On this day, the Court considered the United States of America's Motion to Dismiss ("Motion"), ECF No. 5. For the reasons set forth below, the Court **GRANTS** the Motion.

**I.     BACKGROUND**

Cristina Cruz Grost ("Plaintiff") previously practiced psychiatry at the William Beaumont Army Medical Center in El Paso, Texas. Notice of Removal Ex. 1 ("Complaint"), at 2, ECF No. 2. On February 21, 2012, Plaintiff filed suit in the Thirty-Fourth District Court of El Paso County against Artin Terhakopian and Ron Moruzzi, two employees of the United States, alleging libel, slander, intentional infliction of emotional distress, breach of contract, retaliation, hostile work environment, and interference with contract rights. Compl. 2-5. Plaintiff seeks $8,500,000.00 and injunctive relief. Compl. 4-5.

On March 29, 2011, the United States removed the case to this Court pursuant to 28 U.S.C. § 1442. Notice of Removal 1-2, ECF No. 1.[1] That same day, the United States motioned the Court to substitute the United States as the defendant because Terhakopian and Moruzzi were

---

[1] To assist the reader in finding citations, the Court references the page numbers that the CM/ECF docketing system generates.

employees of the United States, acting within the scope of their federal employment. Mem. in Supp. of Notice and Substitution 1, ECF No. 2-2. On April 20, 2012, the Court substituted the United States ("Defendant") as the named defendant under the Federal Tort Claim Act. Order 1, ECF No. 4. On May 29, 2012, Defendant filed this motion, seeking to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1), alleging that (1) Plaintiff never submitted an administrative claim as required under the [Federal Torts Claim Act], and (2) the United States has not waived sovereign immunity for suits arising out of "libel, slander, . . . or interference with contract rights." Mot. 2.

## II.   DISCUSSION

### A.   Standard

Federal courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005); *People's Nat'l Bank v. Office of the Comptroller of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004). Without jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims. *Exxon Mobil*, 545 U.S at 552; *People's Nat'l Bank*, 362 F.3d at 336. A party may challenge a district court's subject matter jurisdiction by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1).

A federal court must consider a motion to dismiss pursuant to Rule 12(b)(1) before any other challenge because a court must have subject matter jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). "[T]he plaintiff constantly bears the burden of proof that the jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Where the motion to dismiss is

based on the complaint alone, the court must decide whether the allegations in the complaint sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998).

**B.     Analysis**

Defendant argues that the Court should dismiss this case because the Court lacks subject matter jurisdiction. Mot. 2. First, Defendant asserts that Plaintiff failed to exhaust her administrative remedies prior to filing this suit. Mot. 2, 5. Second, Defendant argues that the United States has not waived sovereign immunity as to Plaintiff's claim of intentional infliction of emotional distress. Mot. 5-6. Plaintiff responds that she is "in the process" of filing an administrative claim and that the law does not require dismissal. *See* Resp. to Def.'s Mots. to Dismiss ("Response") ¶ 3.2, ECF No. 6. Plaintiff also argues that her claim for intentional infliction of emotional distress is "actionable under other aspects of the government's conduct," and thus not barred by the FTCA. Resp. ¶ 2.3.

The Federal Torts Claim Act ("FTCA") states that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the FTCA. *See Life Partners Inc. v. United States*, 650 F.3d 1026, 1029-30 (5th Cir. 2011) (holding that the administrative exhaustion requirement is a prerequisite to suit under the FCTA); *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981) (holding that "the exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA."); *see also Mader v. United*

*States*, 654 F.3d 794, 807-08 (8th Cir. 2011) (concluding that § 2675(a)'s exhaustion requirement was jurisdictional because of the statute's text, the statute's structure, and long-standing precedent within the Eighth Circuit holding that § 2675(a) was jurisdictional).

"[J]urisdiction must exist at the time the complaint is filed." *Gregory*, 634 F.2d at 204. A plaintiff cannot cure a failure to exhaust administrative remedies after filing suit. *See McNeil v. United States*, 508 U.S. 106, 111-13 (1993) (holding that plaintiff filed his lawsuit too early because his claim had not been "finally denied" by the agency prior to the filing of suit); *Bergman v. United States*, No. 4:09-CV-061-A, 2010 WL 637951, at *2 (N.D. Tex. Feb. 23, 2010) (citing *Gregory*, 634 F.2d at 203-04; *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995)) (finding that § 2675(a) requires a plaintiff to exhaust administrative remedies before filing suit). Accordingly, when a plaintiff has failed to exhaust all administrative remedies, the district court does not have jurisdiction and must dismiss. *See McNeil*, 508 U.S. at 113; *Gregory*, 634 F.2d at 204-05; *Radar Solutions, Ltd. v. U.S. Fed. Commc'n Comm'n*, 628 F. Supp. 2d 714, 725 (W.D. Tex. 2009).

In this case, Plaintiff admits that she has not exhausted her administrative remedies. Resp. ¶¶ 2.1, 3.3. According to her Response, Plaintiff is either "in the process of filing her claim" or "will file" the required administrative claim in the future. Resp. ¶¶ 2.1, 3.3. Either way, Plaintiff has not yet exhausted her administrative remedies and the Court lacks subject matter jurisdiction over Plaintiff's claims. *See* 28 U.S.C. 2675(a); *Gregory*, 634 F.2d at 203-04.

Despite Plaintiff's admission that she failed to exhaust her administrative remedies, she argues that the Court may allow the action to proceed, dismiss the action pending exhaustion of administrative remedies, or institute a stay of judicial review pending administrative exhaustion.

Resp. ¶ 3.2.  In support of this claim, Plaintiff cites to *Sierra Club v. Robertson*, 764 F. Supp. 546 (W.D. Ark. 1991).  Resp. ¶ 3.2.  In *Sierra Club*, the Arkansas district court ordered a "brief stay of proceedings" until the administrative process reached its conclusion.  *Sierra Club*, 764 F. Supp. at 550, *rev'd on other grounds*, 28 F.3d 753 (8th Cir. 1994).  The court stayed the case, rather than dismissing the case, because the plaintiffs had "been involved in protracted and complex administrative proceedings that seem[ed] to be unending."  *See id.* at 549.  Moreover, the defendant had acted "in a way that might forestall judicial review indefinitely if left unchecked." *Id.* at 550.

*Sierra Club* does not help Plaintiff's case here.  First, as a district court case, *Sierra Club* is not binding on this Court.  Second, *Sierra Club* was an environmental case in which administrative exhaustion was an open issue, and determined to not be jurisdictional.  *See id.* at 549-50.  In contrast, it is settled that the FCTA's exhaustion requirement is jurisdictional.  *See Gregory*, 634 F.2d at 203-04.  Third, the facts are not similar.  Unlike in *Sierra Club*, Plaintiff has not "been involved in protracted and complex administrative proceedings that seem to be unending," nor has Defendant acted in a way that "might forestall judicial review indefinitely if left unchecked."  *See Sierra Club*, 764 F. Supp. at 550; Resp. ¶¶ 2.1, 3.3.  In sum, *Sierra Club* is inapposite to this case.

In conclusion, it is undisputed that Plaintiff has not exhausted her administrative remedies.  Therefore, the Court lacks jurisdiction and must dismiss this case.  Because the Court finds the administrative exhaustion argument dispositive, it does not need to address the issue of sovereign immunity.

### III.     CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss, ECF No. 5, and **DISMISSES** the case.

The Clerk shall close the case.

**SO ORDERED.**

**SIGNED** on this 12th day of July, 2012.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE